UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICHELLE EVENS and BROOKS EVENS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-00181-TWP-TAB |
| | ) |
| RICHARD CURTIS GUYER, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR TRANSFER OF VENUE**

This matter is before the Court on a Motion for a Change of Venue filed by Defendant Richard Guyer ("Guyer"). (Filing No. 15.) Guyer argues that this action should be transferred from the New Albany Division to the Indianapolis Division of the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). (Filing No. 15-1.) Plaintiffs Michelle ("Mrs. Evens") and Brooks Evens (collectively the "Plaintiff's") oppose Guyer's motion. (Filing No. 16.) For the following reasons, the Court **DENIES** Guyer's Motion for a Transfer of Venue.

## I. BACKGROUND

The factual allegations contained in the Plaintiffs' Complaint are as follows. The Plaintiffs are residents of Jeffersonville, Indiana, and Guyer is a resident of Denver, North Carolina. (Filing No. 8-1 at 4.) On May 29, 2016, the Plaintiffs, along with their children, attended the 100th running of the Indy 500 at the Indianapolis Motor Speedway. (Filing No. 8-1 at 5.) The Evens family arrived at the racetrack at some point between 11:00 a.m. and 11:30 a.m. and proceeded to their assigned seats. (Filing No. 8-1 at 5.) Before the race began, the Evens family noticed an older gentleman who was visibly intoxicated, holding a beer can, walking up the aisle toward them.

([Filing No. 8-1 at 6](#).) That gentleman was later identified as the Defendant, Guyer. ([Filing No. 8-1 at 6](#).)

As Mrs. Evens was seated, facing the track and talking to her daughter, Guyer fell directly on top of her, crushing her and causing her to collapse like a folding lawn chair. ([Filing No. 8-1 at 6](#).) Due to Guyer's extreme intoxication, he made no attempt to remove himself from on top of Mrs. Evens' body. ([Filing No. 8-1 at 6](#).) Ms. Evens crawled out from under Guyer, and after trying to stand, immediately collapsed to the ground. ([Filing No. 8-1 at 6](#).) Mrs. Evens was taken to an Indianapolis hospital by ambulance, where she was diagnosed with an acute two column T-12 compression fracture with buckling and probable disruption of the anterior longitudinal ligament at T-12. ([Filing No. 8-1 at 8](#).) Mrs. Evens was hospitalized for three days and two nights. ([Filing No. 8-1 at 8](#).) She was placed in a thoracic-lumbo-sacral-orthosis brace, which she was required to wear through August 23, 2016. ([Filing No. 8-1 at 9](#).) Mrs. Evens continues to undergo treatment and experience pain. ([Filing No. 8-1 at 9](#).)

The Plaintiffs filed a Complaint against Guyer in the Circuit Court of Clark County, Indiana on October 5, 2016, alleging civil battery, negligence, negligent and intentional infliction of emotional distress, and loss of consortium. ([Filing No. 8-1 at 9-15](#).) Guyer removed the case to federal court on October 20, 2016, to the New Albany Division of the Southern District of Indiana. ([Filing No. 1](#).)

## II. DISCUSSION

Guyer asks this Court to transfer this action to the Indianapolis Division of the Southern District of Indiana because: (1) the events giving rise to the claim occurred within the Indianapolis Division, and (2) the Indianapolis Division is a more convenient forum for this action. ([Filing No. 15-1 at 4-6](#).) The Plaintiffs oppose the Motion to Transfer because: (1) venue is proper in the New

Albany Division; (2) the Plaintiffs' preferred venue is entitled to great weight; (3) New Albany is a more convenient venue for the Plaintiffs and many witnesses; (4) much of the relevant evidence in the case is located in and around New Albany; and (5) travel to New Albany is not less convenient for Guyer. ([Filing No. 16](#).)

A.   **Legal Standard.**

The parties agree that it was proper for this action to be removed to the Southern District of Indiana, and they agree that both the New Albany and Indianapolis Divisions would be proper venues for this action.[1]   The parties disagree as to whether the Court should exercise its discretion to transfer the action from New Albany to Indianapolis.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  And Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

B.   **Application of the Venue Transfer Factors.**

The Court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events

---

[1] Guyer initially raised an argument that Clark County, Indiana was not the state court "preferred venue" under the trial rule cited by the Plaintiffs in their state court Complaint. ([Filing No. 15-1 at 4](#).) Guyer suggests that if Plaintiffs had filed their case in the correct preferred state court venue, this action would not have been removable to the New Albany Division. ([Filing No. 15-1 at 4](#).) Plaintiffs respond that they inadvertently cited Indiana Trial Rule 75(A)(5) as applicable in their state court Complaint, when they should have cited Trial Rule 75(A)(10). ([Filing No. 16 at 6](#).) Plaintiffs argue that any such error was harmless, because under Trial Rule 75(A)(10), venue was proper in Clark County. ([Filing No. 16 at 6](#).)   The Court need not address this issue, because Guyer acknowledges in his reply brief that venue would be proper in the New Albany Division. ([Filing No. 17 at 2](#).)

and access to proof; and (4) the interests of justice. *See, e.g., Deputy v. City of Seymour*, 2013 WL 2474235, at *3 (S.D. Ind. 2013). "As a general rule, the plaintiff's choice of forum will not be disturbed unless the four factors weigh substantially in favor of transfer." *Id.* The party moving for the change of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The first two factors—the convenience of the parties and the convenience of the witnesses—weigh in favor of the Plaintiffs. The Plaintiffs reside in Jeffersonville, Indiana, a city located approximately ten miles from New Albany. (Filing No. 8-1 at 4.) Indianapolis is located over one hundred miles north of Jeffersonville, so New Albany is the more convenient venue for the Plaintiffs. Guyer resides in North Carolina, and he has not argued that it would be more burdensome for him to travel to New Albany (presumably via the nearby Louisville International Airport) than to Indianapolis.

As to the witnesses, Guyer argues that Mrs. Evens claims that there were many eyewitnesses to the events at issue, and he contends that "an inference can be made that all the alleged witnesses have at least been to Indianapolis, Indiana before, and some might live in the large city of Indianapolis." (Filing No. 15-1 at 6.) The Plaintiffs acknowledge that some witnesses may live in the Indianapolis area, but they respond that potential eyewitnesses to the events have been located in twenty states outside of Indiana. (Filing No. 16 at 12.) At least for those witnesses, the Plaintiffs argue, travel to the New Albany Division will be as convenient as it would be to the Indianapolis Division. (Filing No. 16 at 12.) In addition, the Plaintiffs note that their children, both eyewitnesses to the events, reside within the New Albany Division. (Filing No. 16 at 11.)

The Court concludes that the balance of convenience to witnesses, as alleged by both parties at this stage, weighs in favor of the Plaintiffs. They claim to have identified many eyewitnesses who are located outside of the state of Indiana, whereas Guyer has offered only conjecture as to an unknown number of eyewitnesses who may or may not be located within the Indianapolis Division. Moreover, the Plaintiffs' two children, both eyewitnesses, reside within the New Albany Division. The Court notes again that it is Guyer's burden, as the party seeking the change of venue, to establish that the transferee forum is "*clearly* more convenient." *Coffey*, 796 F.2d at 219-20 (emphasis added).

Plaintiffs also argue that all of Mrs. Evens' primary health care providers (following her initial hospitalization) are located within and close to the New Albany Division, including her orthopedic spine surgeon, primary care physician, radiologists, and therapists. ([Filing No. 16 at 11](#).) In addition, many witnesses on the issue of damages are located within the New Albany Division. ([Filing No. 16 at 11](#).) Regarding the Plaintiffs' medical witnesses, the Defendant responds that (1) any medical witnesses are likely to testify by videotape, regardless of where the trial is held, and (2) medical witnesses would only have to testify in the event that this matter goes to trial, "otherwise any involvement in the case would take place wherever Plaintiffs prefer." ([Filing No. 17 at 5](#).)

The Court finds both of Guyer's arguments unavailing. First, it may be the case that some medical witnesses would choose to testify via videotape, but neither the Court nor the parties could make a reliable prediction on that matter at this stage of the case. Second, while it is true that this matter may not result in a trial, the Court likewise cannot conjecture as to that likelihood at this stage of the proceedings.

As to the third factor, the *situs* of material events and access to proof, Guyer argues that those "are all alleged to have taken place in Indianapolis, Indiana." ([Filing No. 15-1 at 6](#).) The Plaintiffs respond that while Mrs. Evens' initial injury and treatment occurred in Indianapolis, the rest of Mrs. Evens' medical treatment occurred within the New Albany Division, and these activities also constituted material events. ([Filing No. 16 at 10](#).) The Court concludes that this factor is neutral. Mrs. Evens' injury allegedly occurred in Indianapolis, and this event is material to the issue of liability. This fact could weigh in favor of Guyer, but he has not argued that proximity to the Indianapolis Motor Speedway itself is necessary or would significantly impact access to proof. He has not claimed, for example, that it would be necessary to view the location where the injury is alleged to have occurred, or that substantial physical evidence would need to be removed from Indianapolis to New Albany. The medical treatment Mrs. Evens received is material to the issue of damages, and she received care within both the Indianapolis and New Albany Divisions. Therefore, access to proof weighs roughly evenly.

The fourth factor, the interests of justice, "relates to the efficient functioning of the courts," *Coffey,* 796 F.2d at 221, and is neutral in this case. This element often encompasses such concerns as ensuring speedy trials and having a judge familiar with the applicable law try the case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). In this case, there is no appreciable difference between the Indianapolis Division and the New Albany Division with regard to ensuring a speedy trial or having a judge familiar with the applicable law try the case. Regardless of the division, the case will be presided over by one of the District Judges for the Southern District of Indiana, all of whom have comparable caseloads and knowledge of the law. *See Deputy v. City of Seymour*, 2013 WL 2474235, at *4 (S.D. Ind. 2013).

Under this factor, the Court may also consider which district would supply a jury that could best apply community standards. *Coffey,* 796 F.2d at 223 n.4 (considering in "which district could a jury best apply community standards" within the "interests of justice" analysis.). Defendants may generally be interested in drawing a venire from their home district, which could impact the "interests of justice" analysis. However, in this case, Guyer's "home district" is neither the Indianapolis nor the New Albany Division, since he is not a citizen of the state of Indiana. *Cf. Deputy*, 2013 WL 2474235, at *4. Therefore, this factor does not weigh in Guyer's favor.

A plaintiff's choice of forum will not be disturbed unless the four factors weigh substantially in favor of transfer, and Guyer has not met his burden to establish that transfer is warranted.

### III. CONCLUSION

For the reasons stated above, Guyer's Motion to Transfer Venue ([Filing No. 15](Filing No. 15)) is **DENIED**. The litigation will proceed in the New Albany Division.

**SO ORDERED.**

Date: 4/18/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott Allen Davidson
BOEHL STOPHER & GRAVES
sdavidson@bsg-law.com

Darryl S. Lavery
BOEHL STOPHER & GRAVES, LLP
dlavery@bsg-law.com

Larry R. Church
MCNEELY STEPHENSON
larry.r.church@msth.com

Marc Tawfik
MCNEELY STEPHENSON
marc.tawfik@msth.com

Kyle M. Baker
MCNEELY STEPHENSON THOPY & HARROLD
kmbaker@msth.com